IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHERMAN WILSON, } | |
| } | |
| *Plaintiff*, } | |
| v. } | Civil Action No. H-08-650 |
| } | |
| CITY OF ROSENBERG, *et al*, } | |
| } | |
| *Defendants*. } | |

**OPINION AND ORDER**

Presently before the Court are Defendant John Brown's Motion to Dismiss for Failure to State a Claim or, Alternatively, for Want of Jurisdiction (Doc. 8) and Defendant City of Rosenberg's Motion to Dismiss for Want of Subject Matter Jurisdiction or, Alternatively, for Failure to State a Claim (Doc. 19). Having considered all matters of record and applicable legal authorities, the Court finds that the defendants' motions to dismiss should be GRANTED.

I.   Background and Relevant Facts

Plaintiff Sherman Wilson (Wilson), *in forma pauperis* (IFP), is suing *pro se*. He filed suit against Defendants John Brown (Brown) and the City of Rosenberg (the City) on February 26, 2008, alleging that Brown and the City violated his due process rights under the Fifth Amendment and seeking both monetary and injunctive relief (Doc. 1).

Wilson alleges that he is the owner of property located at 2205 Avenue C (Lot 10, Block 17) in Rosenberg, Texas (the Property). Wilson further alleges that, while he was incarcerated, the City forwarded him notice of the October 26, 2006, abatement hearing. According to the notice, a hearing officer for the City would determine whether the structure on the Property was a dangerous building subject to demolition under the Rosenberg Code of

Ordinances. Wilson allegedly requested the City to reschedule the hearing. According to Wilson, the City went forward with the hearing and, ultimately, demolished the structure on the Property. Wilson contends that Brown and the City acted in concert to demolish the structure.

II.   Legal Standards

   A.   Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face. *Id.* at 1974. However, a Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Therefore, the complaint must be liberally construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of the plaintiff's claims, and all factual allegations pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). Nevertheless, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

B.     Frivolous Actions under 28 U.S.C. § 1915

According to the statute governing IFP actions, the court shall dismiss the case at any time if it determines that,

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
>     (i)  is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  A case is "frivolous" under section 1915 if it lacks an arguable basis in law or fact.  *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Id*. (citing *Neitzke v. Williams*, 490 U.S. 319, 327(1989)).  A complaint is factually frivolous if "the facts alleged rise to the level of the irrational or the wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

III.    Discussion

Wilson alleges that Brown and the City violated his due process rights under the Fifth Amendment.  The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor.  *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) (citing Morin *v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996)).  Wilson has not, however, alleged that Brown or the City were acting under authority of the federal government.

Even if the Court liberally construed Wilson's complaint to imply a claim for a Fourteenth Amendment due process violation under 42 U.S.C. § 1983, the complaint is still deficient. Section 1983 prohibits "persons" acting under the color of law from depriving another of any "rights, privileges, and immunities secured by the Constitution and laws[.]"  42 U.S.C. §

1983. Municipalities and cities qualify as persons liable to suit under section 1983. *Monell v. Dept. of Social Serv.,* 436 U.S. 658 (1978). A section 1983 suit brought against a city must be based upon the "implementation or execution of a policy or custom" officially adopted by that city's officers. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532 (5th Cir. 1996) (citing *Krueger v. Reimer,* 66 F.3d 75, 76 (5th Cir.1995)). "To support a claim based upon the existence of an official custom or policy, the Plaintiff must plead facts which show that: 1) a policy or custom existed; 2) the governmental policy makers actually or constructively knew of its existence; 3) a constitutional violation occurred; and 4) the custom or policy served as the moving force behind the violation." *Id.* at 532 (citing *Palmer v. City of San Antonio,* 810 F.2d 514, 516 (5th Cir.1987)). Wilson has neither alleged that Defendant Brown acted pursuant to an official custom or policy of the City, nor that the City implemented such an official custom or policy. Accordingly, section 1983 can provide no relief. The Court, therefore, finds that Wilson has failed to state a claim upon which relief can be granted.

Additionally, the Court finds that Wilson's claims lack any arguable basis in law or fact. Even assuming that every factual allegation made is true, the law upon which Wilson relies provides no relief. These claims are clearly frivolous and must be dismissed as such.

IV. Conclusion

Accordingly, the Court hereby

ORDERS that Defendant John Brown's Motion to Dismiss for Failure to State a Claim or, Alternatively, for Want of Jurisdiction (Doc. 8) and Defendant City of Rosenberg's Motion to Dismiss for Want of Subject Matter Jurisdiction or, Alternatively, for Failure to State a Claim (Doc. 19) are GRANTED. The Court further

ORDERS that Wilson's case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).

- 5 -

SIGNED at Houston, Texas, this 16th day of March, 2009.

                                                MELINDA HARMON
                                     UNITED STATES DISTRICT JUDGE